**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 0 8 2021

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HOLLY HOPKINS, Individually and on**           **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.             No. 4:21-cv-_24-LPR_

**CALAIS FOREST EQUITY ENTERPRISES, LLC,**        **DEFENDANTS**
**NAPA VALLEY EQUITY ENTERPRISES, LLC, and**
**NATIONAL PROPERTY MANAGEMENT ASSOCIATES, INC.**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Holly Hopkins ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendants Calais Forest Equity Enterprises, LLC, Napa Valley Equity Enterprises, LLC, and National Property Management Associates, Inc. (collectively "Defendant" or "Defendants"), she states and alleges as follows:

This case assigned to District Judge _Rudofsky_
and to Magistrate Judge _Deere_

### I.    PRELIMINARY STATEMENTS

1.     This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA").

2.      Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper overtime compensation under the FLSA and the AMWA.

## II.      JURISDICTION AND VENUE

3.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

6.      Plaintiff is an individual and resident of Pulaski County.

7.      Separate Defendant Calais Forest Equity Enterprises, LLC ("CFEE"), is a domestic limited liability company.

8.      CFEE's registered agent for service of process is Catlett Law Firm, PLC, at 323 Center Street, Suite 1800, Little Rock, Arkansas 72201.

9.      Separate Defendant Napa Valley Equity Enterprises, LLC ("NVEE"), is a domestic limited liability company.

10.      NVEE's registered agent for service of process is Catlett Law Firm, PLC, at 323 Center Street, Suite 1800, Little Rock, Arkansas 72201.

11.    Separate Defendant National Property Management Associates, Inc. ("NPMA"), is a New York business corporation.

12.    NPMA is not registered to do business in Arkansas, but upon information and belief, NPMA does business in Arkansas as CFEE and NVEE.

13.    NPMA's address for service is National Property Management Associates, Inc., at 4221 North Buffalo Street, Orchard Park, New York 14127.

14.    NPMA maintains a website at https://npmainc.com/, which features CFEE's property at https://npmainc.com/listing/calais-forest/, and features NVEE's property at https://npmainc.com/listing/napa-valley/.

## IV.    FACTUAL ALLEGATIONS

15.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

16.    Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

17.    Upon information and belief, the revenue generated from CFEE, NVEE and NPMA was merged and managed in a unified manner.

18.    As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

19.    NPMA owns both CFEE and NVEE.

20.    Within the three years preceding the filing of this Complaint, Defendants have continuously employed at least four employees.

21.    Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as credit cards, telephones, tools and office equipment.

22.    Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

23.    Defendants manage properties throughout the United States, including in Arkansas.

24.    Defendant also has locations in Florida, New York, Oklahoma and Texas.

25.    At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

26.    Defendants employed Plaintiff within the three years preceding the filing of this lawsuit.

27.    Specifically, Defendants employed Plaintiff as an hourly-paid Leasing Consultant from November of 2019 until June of 2020, and as an hourly-paid Assistant Property Manager from June of 2020 to the present.

28.    As a Leasing Consultant, Plaintiff worked at Defendants' Napa Valley location.

29.    As an Assistant Manager, Plaintiff worked at Defendants' Calais Forest location.

30.    Defendants also employed other Assistant Property Managers and Leasing Consultants (collectively, "Commissioned Employees").

31.    Plaintiff had similar duties as both a Leasing Consultant and an Assistant Property Manager, such as handling the leasing of apartments, including doing paperwork, making phone calls, accounting, and giving apartment tours.

32.    Other Commissioned Employees had the same or similar duties as Plaintiff.

33.    Defendants directly hired Plaintiff and other Commissioned Employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

34.    In addition to her hourly wage, Plaintiff received commissions for leasing out apartments.

35.    Other Commissioned Employees also received commissions for leasing out apartments.

36.    Plaintiff regularly worked in excess of forty hours per week throughout her tenure with Defendants.

37.    Upon information and belief, other Commissioned Employees also worked over forty hours per week in at least some week during their tenures with Defendants.

38.    Defendants paid Plaintiff and other Commissioned Employees 1.5x times their base hourly rate for the hours they worked over 40 each week.

39.    However, Defendants did not include the commissions that were paid to Plaintiff and other Commissioned Employees in their regular rates when calculating their

overtime pay even though Plaintiff and other Commissioned Employees received commissions in pay periods in which they also worked in excess of forty hours per week.

40.    Section 778.117 of Title 29 of the Code of Federal Regulations states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

41.    Defendants violated the FLSA and AMWA by not including all forms of compensation, such the commissions of Plaintiff and other Commissioned Employees, in their regular rate when calculating their overtime pay.

42.    Plaintiff worked at two of Defendants' locations, and the pay practices were the same at both locations.

43.    Upon information and belief, Defendants' pay practices were the same for all Commissioned Employees at all of Defendants' locations.

44.    Upon information and belief, the pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendants' facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

45.    Because of the volume of work required to perform their jobs, Plaintiff and other Commissioned Employees consistently worked in excess of forty hours per week.

46.    Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other Commissioned Employees violated the FLSA and AMWA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

47.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Commissioned Employees who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked over forty in any week;

B.     Liquidated damages; and

C.     Attorneys' fees and costs.

49.     Plaintiff proposes the following class under the FLSA:

**All Assistant Property Managers and Leasing Consultants who received a commission in connection with work performed in at least one week in which they worked over forty hours within the past three years.**

50.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

51.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

52.     The members of the proposed FLSA class are similarly situated in that they share these traits:

A.     They were paid hourly;

B.     They received commissions;

C.     They worked over forty hours in at least one week in which they performed work related to a commission;

D.      They were subject to Defendants' common policy of failing to pay a proper overtime rate for hours worked over forty in a week; and

E.      They had the same or substantially similar job duties and requirements.

53.      Plaintiff is unable to state the exact number of the class but believes that the class exceeds one hundred (100) persons.

54.      Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

55.      The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

56.      The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

57.      Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

58.      Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

59.      At all relevant times, Defendants have been, and continue to be, enterprises engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

60.      29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

61.    Defendants classified Plaintiff as non-exempt from the requirements of the FLSA.

62.    Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendants failed to pay Plaintiff 1.5x her regular rate for all hours worked in excess of 40 per week.

63.    Defendants knew or should have known that their actions violated the FLSA.

64.    Defendants' conduct and practices, as described above, were willful.

65.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

66.    Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

67.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

68.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

69.     Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

70.     At all relevant times, Defendants have been, and continue to be, enterprises engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

71.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

72.     Defendants classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

73.     Defendants failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

74.     Defendants deprived Plaintiff and similarly situated employees of proper compensation for all of the hours worked over forty per week, in violation of the FLSA.

75.     Defendants knew or should have known that their actions violated the FLSA.

76.     Defendants' conduct and practices, as described above, were willful.

77.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages

and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

78.    Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

79.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

80.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

81.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

82.    At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

83.    Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

84.     Defendants classified Plaintiff as non-exempt from the requirements of AMWA.

85.     Defendants failed to pay Plaintiff overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

86.     Defendants knew or should have known that their practices violated the AMWA.

87.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

88.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as provided by the AMWA.

### IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Holly Hopkins, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.     Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.     Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D.     Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.     An order directing Defendants to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF HOLLY HOPKINS,
Individually and on Behalf of
All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HOLLY HOPKINS, Individually and on**                          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                          No. 4:21-cv-*24-LPR*

**CALAIS FOREST EQUITY ENTERPRISES, LLC,**                          **DEFENDANTS**
**NAPA VALLEY EQUITY ENTERPRISES, LLC, and**
**NATIONAL PROPERTY MANAGEMENT ASSOCIATES, INC.**

## CONSENT TO JOIN COLLECTIVE ACTION

  I was employed as an Assistant Property Manager or Leasing Consultant for Calais Forest Equity Enterprises, LLC, Napa Valley Equity Enterprises, LLC, and National Property Management Associates, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>miscalculated overtime wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*Holly Hopkins*
_____
**HOLLY HOPKINS**
January 8, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**