IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

HOLLY HOPKINS, Individually and on behalf of all others similarly situated                    PLAINTIFF

v.                          Case No.: 4:21-cv-0024-LPR

CALAIS FOREST EQUITY
ENTERPRISES, LLC; NAPA VALLEY
EQUITY ENTERPRISES, LLC; and
NATIONAL PROPERTY MANAGEMENT
ASSOCIATES, INC.                                                                              DEFENDANTS

# ORDER

This is a potential collective action about overtime pay under the Fair Labor Standards Act ("FLSA").[1] The Complaint was filed in January of 2021, about ten months ago. Ms. Hopkins was at that time and remains today the only named Plaintiff. No one else has filed a consent-to-join or otherwise indicated a desire to join this lawsuit as a named plaintiff or as an opt-in plaintiff.

Ms. Hopkins has asked the Court to conditionally certify a collective action under 29 U.S.C. § 216(b).[2] In support of her Motion, she has provided a three-page declaration. This is the only substantive evidence in front of the Court. There are no declarations or evidence from other employees. The Court concludes that Ms. Hopkins has not met the very lenient standard for conditional certification.[3] Accordingly, the Court DENIES her Motion.

---

[1] 29 U.S.C. §§ 201–219. Ms. Hopkins also brings an individual claim under the Arkansas Minimum Wage Act ("AMWA"). See Pl.'s Compl. (Doc. 1) at 1.

[2] Pl.'s Mot. for Conditional Certification (Doc. 8).

[3] The Court appreciates the briefing from both parties regarding the standard that the Court should apply in making its conditional certification decision. The Court has recently addressed this issue in *Mitchell v. Brown's Moving & Storage, Inc.*, No. 4:19-cv-00783-LPR (Doc. 25) at 4–5. As it did there, the Court will apply the two-step inquiry that a substantial majority of district courts (both inside and outside the Eighth Circuit) have adopted to determine whether a collective action may proceed.

## I.  BACKGROUND

Defendant National Property Management Associates, Inc. ("National Property") manages properties throughout the United States.[4] National Property owns Defendant Calais Forest Equity Enterprises, LLC ("Calais").[5] National Property also owns Defendant Napa Valley Equity Enterprises, LLC ("Napa Valley").[6]

Plaintiff Holly Hopkins worked as a Leasing Consultant for Napa Valley from November 2019 until June 2020.[7] Ms. Hopkins worked as an Assistant Property Manager for Calais from June 2020 until January 2021.[8] In both roles, Ms. Hopkins's duties included "handling the leasing of apartments, [] doing paperwork, making phone calls, accounting, and giving apartment tours."[9] Ms. Hopkins was paid hourly and received commissions in both roles.[10]

Ms. Hopkins "regularly worked in excess of forty hours per week" throughout her tenure with Defendants.[11] When an employee works over forty hours in a week, she is entitled to overtime pay.[12] Overtime pay is calculated by multiplying the employee's normal wage by 1.5.[13] An employer must include any commissions earned during the relevant pay period when determining

---

[4] *See* Pl.'s Compl. (Doc. 1) ¶¶ 23-24; Ex. 7 (Hopkins Decl.) to Pl.'s Mot. for Conditional Certification (Doc. 8-7) ¶ 4; Def.'s Br. in Opp'n to Conditional Certification (Doc. 10) at 1.

[5] Pl.'s Compl. (Doc. 1) ¶ 19; Defs.' Answer (Doc. 3) ¶ 19.

[6] Pl.'s Compl. (Doc. 1) ¶ 19; Defs.' Answer (Doc. 3) ¶ 19.

[7] Pl.'s Compl. (Doc. 1) ¶¶ 27–28; Ex. 7 (Hopkins Decl.) to Pl.'s Mot. for Conditional Certification (Doc. 8-7) ¶ 5.

[8] Pl.'s Compl. (Doc. 1) ¶¶ 27, 29; Ex. 7 (Hopkins Decl.) to Pl.'s Mot. for Conditional Certification (Doc. 8-7) ¶ 5. Ms. Hopkins's Complaint, filed in January 2021, states that she worked as an Assistant Property Manager for Calais from June 2020 "to the present." (Doc. 1) ¶ 27, 29. A subsequent Declaration by Ms. Hopkins states that she worked for Defendants "until January of 2021." Ex. 7 (Hopkins Decl.) to Pl.'s Mot. for Conditional Certification (Doc. 8-7) ¶ 5.

[9] Pl.'s Compl. (Doc. 1) ¶ 31; Ex. 7 (Hopkins Decl.) to Pl.'s Mot. for Conditional Certification (Doc. 8-7) ¶ 9.

[10] Pl.'s Compl. (Doc. 1) ¶ 34; Ex. 7 (Hopkins Decl.) to Pl.'s Mot. for Conditional Certification (Doc. 8-7) ¶¶ 5–6.

[11] Pl.'s Compl. (Doc. 1) ¶ 36; Ex. 7 (Hopkins Decl.) to Pl.'s Mot. for Conditional Certification (Doc. 8-7) ¶ 11. The Complaint and Declaration provide no further detail as to what the term "regularly" means in this context.

[12] 29 U.S.C. § 207(a).

[13] *Id.*

the normal wage.[14]  Defendants miscalculated her overtime pay by failing to include commissions earned during the relevant pay period when determining Ms. Hopkins's normal wage.[15]

Ms. Hopkins "believe[s]" the same thing happened to other Assistant Property Managers and Leasing Consultants employed by the Defendants at the apartment complex locations where she worked, and at all other apartment complex locations owned by the Defendants all over the country.[16]  She says all of these overtime pay violations stem from Defendants' common policy of failing to include commissions earned during the relevant pay period when determining the normal wage for purposes of the 1.5-x-normal-wage overtime calculation.[17]  In her Complaint, she sought to have the Court certify a collective of "All Assistant Property Managers and Leasing Consultants [employed by or formerly employed by Defendants] who received a commission in connection with work performed in at least one week in which they worked over forty hours within the past three years."[18]  However, in her Motion for Conditional Certification, she seeks an even broader collective: "all leasing consultants and assistant property managers who have been employed by Defendants at any time since January 8, 2018."[19]

## II. DISCUSSION

To obtain conditional certification, a plaintiff need only make a "modest factual showing sufficient to demonstrate that [she] and [other] potential plaintiffs together were victims of a

---

[14] 29 C.F.R. § 778.117.

[15] Pl.'s Compl. (Doc. 1) ¶¶ 41, 60–62; Ex. 7 (Hopkins Decl.) to Pl.'s Mot. for Conditional Certification (Doc. 8-7) ¶ 12.

[16] Ex. 7 (Hopkins Decl.) to Pl.'s Mot. for Conditional Certification (Doc. 8-7) ¶ 12.

[17] Pl.'s Compl. (Doc. 1) ¶ 52(D); Ex. 7 (Hopkins Decl.) to Pl.'s Mot. for Conditional Certification (Doc. 8-7) ¶¶ 8, 12.

[18] Pl.'s Compl. (Doc. 1) ¶ 49.  The FLSA expressly authorizes such collective-action lawsuits.  29 U.S.C. § 216(b) ("An action to recover . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.").

[19]  Ex. 1 (Proposed Notice of Right to Join Lawsuit) to Pl.'s Mot. for Conditional Certification (Doc. 8-1) at 2.

common policy or plan that violated the law."[20] This is an exceedingly lenient standard, but it is not the equivalent of a rubber stamp. And Ms. Hopkins's declaration just doesn't get her over the hump. Not even close.

Most glaringly, Ms. Hopkins cannot name a single employee (other than herself) who she knows worked overtime in a week for which that employee earned commissions. And this is not just an identification issue: Ms. Hopkins can't even say that there is an unidentified employee (other than herself) that would fit into this category. This presents an insurmountable problem for Ms. Hopkins. To understand why, let's make some big, generous assumptions in favor of Ms. Hopkins. First, let's assume her declaration establishes that there were other Assistant Property Managers and Leasing Consultants who "regularly worked in excess of 40 hours per week."[21] Second, let's further assume that her declaration establishes that some or all of these same people "received commissions" in at least some weeks "for leasing out apartments."[22] Third, and perhaps most generously, let's assume that her declaration establishes that Defendants had a policy of not considering commissions earned during the relevant pay period when determining the normal wage.[23] Even under all of these very questionable assumptions, Ms. Hopkins has failed to put

---

[20] *McClendon v. Schlumberger Tech. Corp.*, No. 4:15-cv-00752-JLH, 2016 WL 3911897, at * 1 (E.D. Ark July 15, 2016) (quoting *Kautsch v. Premier Communications*, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007)).

[21] Ex. 7 (Hopkins Decl.) to Pl.'s Mot. for Conditional Certification (Doc. 8-7) ¶ 11.

[22] *Id.* ¶ 10.

[23] The only evidence of any common or centralized nationwide policy, plan, or custom of not including commissions in the calculation of normal wage for purposes of calculating overtime is Ms. Hopkins's *belief* that such a policy exists. Pl.'s Compl. (Doc. 1) ¶¶ 43–44; Ex. 7 (Hopkins Decl.) to Pl.'s Mot. for Conditional Certification (Doc. 8-7) ¶ 12. That belief results from (1) Ms. Hopkins's experience that the same miscalculation issue happened to her at least one time in each of the two locations at which she worked, and (2) Ms. Hopkins "periodically discuss[ing] the way [commissioned employees] were paid with [other employees], including a discussion of commissions." Ex. 7 (Hopkins Decl.) to Pl.'s Mot. for Conditional Certification (Doc. 8-7) ¶ 12. Ms. Hopkins's limited personal experiences and her vague and generalized descriptions of topically-related conversations with some unknown number of other employees is not enough evidence to make a modest factual showing that any policy exists regarding inclusion or exclusion of commissions in the normal wage calculations for purposes of the overtime pay calculation. Notably, Ms. Hopkins stops short of declaring that any other employee's overtime wages were *actually* improperly calculated. She does not even go so far as to say that any of these other employees *thought* they had been underpaid.

forth any evidence that there is even one other employee who was paid less than what he or she deserved by law.  That is because Ms. Hopkins has failed to show that there is even one other employee who earned (or was paid) a commission in the same week that the employee worked overtime.  Simply pointing to an asserted common policy (such as not including commissions in the normal wage calculation) is not enough to get conditional certification where there is nothing to show that the policy caused an actual FLSA violation with respect to multiple employees.

Ms. Hopkins argues that considerations like the ones discussed above are improper at this stage in the conditional certification process.  She considers them to be "wrongly focus[ed] on merits-based and credibility-based arguments. . . ."[24]  She's wrong.  The credibility of the factual statements in her declaration is not at issue here.  The problem is with the *sufficiency* (really the *insufficiency*) of those statements.  Fairly recently, in *Huey et al. v. Trinity Property Management*, this Court concluded that four co-plaintiffs "*barely* made a modest factual showing" when their Motion was accompanied by four declarations that "state[d] that they, and other unnamed employees *that they knew*[,]" were impacted by a common policy.[25]  In addition to the four declarations submitted by the four co-plaintiffs, the *Huey* plaintiffs were also able to point to declarations in another lawsuit against their employer, further showing that there was a common policy impacting a collective of similarly situated employees.[26]  Ms. Hopkins's evidence is vague, general, conclusory, and paltry when compared to the quality and quantity of evidence provided by the plaintiffs in *Huey*.  Ms. Hopkins's "beliefs" utterly fail to connect the dots in a way that even modestly shows a common policy that causes the same or similar FLSA violation to multiple employees.

---

[24] Pl.'s Reply to Defs.' Opp'n to Conditional Certification of Collective Action (Doc. 11) at 1.

[25] No. 4:20-cv-00685-LPR (Doc. 27) at 5 (emphasis added) (parentheses omitted).

[26] *Id.* at 3.

## CONCLUSION

Ms. Hopkins's Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information is DENIED in its entirety. Ms. Hopkins has failed to make the modest factual showing necessary to warrant conditional certification of a collective action.[27]

IT IS SO ORDERED this 25th day of October 2021.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[27] If this Court were to conditionally certify a collective, it would be far narrower than the collective Ms. Hopkins proposes. At most, it would include Assistant Property Managers and Leasing Consultants at the two locations at which Ms. Hopkins worked. And the time frame would be limited to November 2019 to January 2021. The Court is not going to belabor this point, since the Court is denying the entire Motion.